# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued September 8, 2005      Decided September 30, 2005

No. 04-3038

UNITED STATES OF AMERICA,
APPELLEE

v.

JAMES W. EDWARDS,
APPELLANT

---

Appeal from the United States District Court
for the District of Columbia
(No. 03cr00234-01)

---

*Walter S. Booth*, appointed by the court, argued the cause and filed the briefs for appellant.

*Patricia A. Heffernan*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *John R. Fisher* and *Roy W. McLeese, III*, Assistant U.S. Attorneys.

Before: SENTELLE, RANDOLPH and ROGERS, *Circuit Judges*.

Opinion for the Court filed *PER CURIAM*.

*PER CURIAM*: James Edwards appeals the judgment of conviction for unlawful possession of PCP with intent to

distribute in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(C) (2000).  He makes two claims:  First, he argues the District Court erred in denying his motion to suppress evidence obtained by a police search of his car.  Second, he argues the District Court erred when it sentenced Edwards under a mandatory Guidelines scheme.

Having considered Edwards's arguments, we conclude that the District Court properly denied his motion to suppress.  We do, however, remand the record in this case in light of *United States v. Booker*, 125 S. Ct. 738 (2005), for the limited purpose described in *United States v. Coles*, 403 F.3d 764, 771 (D.C. Cir. 2005) (per curiam).

## I.  Background

Responding to neighborhood complaints, police drove to a parking lot on Pomeroy Road to investigate an area known for drug trafficking.  Edwards and a friend sat in a parked car in the lot.  As the police entered, Edwards drove his car quickly toward the exit, nearly colliding with the police car.  The officer exited his car, approached Edwards, and ordered him to stop.  Although the police were driving unmarked cars and were not in uniform, the officer who exited the car was wearing a blue vest with an orange police department emblem on it and a badge.  Peering into the car, the officer noticed an open bottle of cognac and a clear cup containing a dark liquid.  Edwards defied the order and slowly backed his car while reaching furtively under his seat.  The officer again ordered Edwards to stop.  As the officer approached the car, he saw Edwards pushing two guns under his seat.  The officer alerted his fellow officers to the guns and seized them.  The police then searched Edwards's person and found three vials of PCP.

Prior to trial, Edwards moved to suppress the guns and drugs. He claimed that the officers lacked reasonable suspicion to stop and search him and therefore violated his Fourth Amendment rights. The District Court denied his motion.

Edwards was indicted on three counts: (1) possession of a handgun and ammunition by a felon; (2) unlawful possession with intent to distribute a controlled substance; and (3) unlawful possession of a firearm during a drug trafficking offense. A jury convicted Edwards on count two but acquitted him of count three. The District Court declared a mistrial on the first count.

In the pre-*Booker* sentencing regime, Edwards's conviction resulted in a base sentencing level of 20 under the United States Sentencing Guidelines. Despite the acquittal on count three, the District Court found by a preponderance of the evidence that Edwards had possessed a firearm during the drug offense. That finding bumped the sentencing level to 22, which, along with Edwards's criminal history category of 5, resulted in a sentencing range of 77 to 96 months. The court sentenced Edwards to 79 months incarceration. Edwards did not challenge the constitutionality of his sentence at the time.

On appeal, Edwards challenges both his conviction and his sentence. First, he contends that the District Court erred by denying his pretrial motion to suppress. Second, citing the Supreme Court's decision in *Booker*, he contends that the District Court erred in applying the Guidelines as mandatory.

II. Motion to Suppress

A. Standard of Review

We review a District Court's findings of fact for clear error. *United States v. Brown*, 334 F.3d 1161, 1164 (D.C. Cir. 2003).

4

We review de novo whether those factual findings constitute reasonable suspicion or probable cause.  *Id.*

## B.  Analysis

In determining whether police had reasonable suspicion to stop a suspect under the Fourth Amendment, *see Terry v. Ohio*, 392 U.S. 1 (1968), the inquiring court must go beyond discrete facts and consider "the totality of the circumstances as the officer on the scene experienced them."  *United States v. Edmonds*, 240 F.3d 55, 59 (D.C. Cir. 2001).  This Court has made clear "that 'furtive' gestures in response to" police presence are relevant to the reasonable suspicion inquiry.  *See id.* at 61.  The area's high-crime character also serves as relevant context, though it may not provide the sole grounds for a stop. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000).

This case remarkably resembles *Edmonds*.  *See* 240 F.3d at 57.  In both cases, police approached a parked car in an area known for crime.  In addition, suspects in both cases made furtive movements in response to identifiable police presence.  In *Edmonds*, those facts sufficed for reasonable suspicion to conduct a stop, *id.* at 60, and they therefore suffice here.

The "totality of the circumstances" in this case includes additional facts that support reasonable suspicion.  Not only did Edwards act furtively, but he did so while backing his car away from the officer.  In addition, before Edwards actually stopped his car, the officer discovered an open bottle of alcohol and two weapons in plain view.  The stop and its resulting seizures were therefore constitutional, and the District Court correctly denied Edwards's motion to suppress.  *See Wardlow*, 528 U.S. at 121.

### III.  Sentencing

The District Court sentenced Edwards under the pre-*Booker*, mandatory Guidelines scheme.  This Court decided the appropriate procedures for addressing "plain error" *Booker* appeals in *United States v. Coles*, 403 F.3d 764 (D.C. Cir. 2005) (per curiam).  Accordingly, we remand the record to the District Court "for the limited purpose of allowing it to determine whether it would have imposed a different sentence, materially more favorable to the defendant, had it been fully aware of the post-*Booker* sentencing regime." *Id.* at 771.

Edwards makes an additional Sixth Amendment claim—that the District Court denied his right to a trial by jury when it sentenced him based on conduct for which he was acquitted.  As *Booker* states, "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S. Ct. at 756.  Edwards argues that, under *Booker*'s holding, his acquittal on the gun possession charge precludes the District Court from finding that fact by a preponderance of the evidence and then using it to raise his sentence.  The Supreme Court has upheld this practice against a Fifth Amendment double jeopardy challenge. *See United States v. Watts*, 519 U.S. 148, 157 (1997).  The Court has not, however, determined whether the practice violates the Sixth Amendment. *Cf. Booker*, 125 S. Ct. at 754 (stating Sixth Amendment issue was not presented in *Watts*).  Although Edwards raises a potentially important question, we need not address it because we have already determined to remand the record according to *Coles*.

6

## IV. Conclusion

For the above reasons, we affirm the denial of Edwards's motion to suppress, and we remand the record to the District Court pursuant to *Coles*, 403 F.3d at 771.